UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF NEW YORK

----------------------------------------------------------------------X

Radmila Isakharova as mother and natural guardian of C.J. and Radmila Isakharova Individually,

Plaintiff,

-against-

The City of New York and New York City Department of Education,

Defendants.

----------------------------------------------------------------------X

**COMPLAINT**

Dkt#:

## PRELIMINARY STATEMENT

1. Plaintiff Radmila Isakharova is the mother and natural guardian of C.J. as defined by IDEA, 20 U.S.C. § 1401 (23).

2. C.J. is a child with a disability as defined by IDEA, 20 U.S.C. § 1403(3)(A).

3. Defendant(s) classified C.J. as a child with a disability.

4. During the relevant dates referenced herein, the plaintiff resided in Jamaica Estates, New York.

5. The defendants, the City of New York (hereinafter "City") and the New York City Department of Education (hereinafter "DOE") are municipal entities duly existing by virtue of the law of the City and State of New York.

6. Defendant DOE is a local education agency as defined by IDEA, 20 U.S.C. § 1401 (19), and as such, is obligated to provide educational and related service programs and services to its students in compliance with the applicable federal and state statutes, regulations and the United States Constitution and is subject to the requirements of 20 U.S.C. § 1400 *et seq.* and the regulations thereunder.

7. The within action is brought to recover attorney's fees arising out of special education

due process proceedings resolved in favor of the plaintiff brought on behalf of C.J. in underlying due process proceedings in case number 289852 and 305108.

8. The within action is brought to recover attorney's fees arising out of special education due process proceedings resolved in favor of the plaintiff brought for C.J. in underlying due process proceedings.

9. Special education due process proceedings were decided in favor of plaintiff for C.J. by the Findings of Fact and Determination ("FOFD") of IHO Leslie Engelsohn on September 17, 2025. Plaintiff prevailed in all material respects as to the resolutions requested in the underlying due process proceedings in case number 289852.

10. The within action is brought to recover attorney's fees arising out of special education due process proceedings resolved in favor of the plaintiff for C.J. in a due process proceeding pursuant to the FOFD of IHO Lauren Fazzino ("IHO Fazzino") in case number 305108. The decision was issued on April 8, 2026, and it is final and binding on the parties as defendants did not appeal it.

11. Plaintiff prevailed in all material respects as to the resolutions requested in the underlying due process proceedings in case number 305108.

12. The plaintiff is a prevailing party in the above-mentioned due process proceedings and to date, legal fees have not been settled to date by defendants.

13. The within action is brought within the statute of limitations and is timely.

## JURISDICTION AND VENUE

14. Jurisdiction is conferred upon this Court by the Individuals with Disabilities in Education Act (IDEA) at 20 U.S.C. §1400 et. seq., and more specifically 20 U.S.C. 1415(i)(2)(A) and 1415 (i)(3)(B).

15. Pursuant to 20 U.S.C. §1391(b) venue is proper in the Unites States District Court of

New York, Eastern District.

## STATEMENT OF FACTS

16. Plaintiff brought due process proceedings in case number 289852 alleging that the defendants failed to provide C.J. FAPE for the 2024-2025 school year.

17. Following a due process hearing over multiple dates, IHO Engelsohn found in favor of plaintiff on all three prongs of the Burlington/Carter analysis and awarded tuition reimbursement and direct tuition funding among other relief.

18. A 10-day notice of unilateral placement was served timely on the defendants Committee on Special Education ("CSE") for the 2024-2025 school year on or about August 20, 2024. In the 10-day notice, the CSE was notified of the reasons for plaintiff's intent to place C.J. in a nonpublic school for the 2024-2025 school year. Plaintiff contended that that defendant(s) denied C.J. FAPE both procedurally and substantively.

19. Plaintiff brought the due process proceeding under case number 289852 due to the defendants' failure to develop an IEP, procedural and substantive violations leading up to the 2024-2025 school year. The hearing request dated December 16, 2024 was submitted to the defendant DOE. The due process complaint was amended on January 29, 2025 and transmitted to the DOE.

20. Following the issuance of IHO Engelsohn's FOFD, the defendant(s) did not appeal it and it became final and binding.

21. A 10-day notice of unilateral placement was served timely on the defendants Committee on Special Education ("CSE") for the 2025-2026 school year on plaintiff's behalf for C.J. on or about August 18, 2025. In the 10-day notice, the CSE was notified of the reasons for plaintiff's intent to unilaterally place C.J. in a nonpublic school for the 2025-2026 school year. Plaintiff contended that that defendant(s) denied C.J. FAPE.

22. Plaintiff brought the due process proceeding under case number 305108 due to the DOE.'s failure to hold an IEP meeting, develop an IEP or offer a seat in an appropriate program . Plaintiff contended that defendant(s) FAPE denials were procedural and substantive leading up to the 2025-2026 school year. The due process hearing request dated November 22, 2025 was submitted to the defendant DOE.

23. A due process hearing was held on March 10, 2026. After holding the hearing and searching the record, IHO Fazzino determined under the Burlington/Carter analysis in the FOFD that C.J.'s unilateral placement was appropriate and should be funded by the DOE given its denial of FAPE to her in the complained of 2025-2026 school year. Following the issuance of IHO Fazzino, the defendant(s) did not appeal it.

24. The plaintiff has exhausted all necessary administrative remedies prior to bringing this action for attorneys fees in each of the above-mentioned due process proceedings.

25. The plaintiff is a prevailing party in the underlying due process proceedings pursuant to 20 U.S.C. §1415(i)(3)(B). Plaintiff obtained favorable results in each of the underlying due process proceedings that were not occasioned by the defendant City's or DOE's voluntary change of conduct, but rather, was based on the determinations made in the FOFDs issued by the assigned IHOs.

26. As plaintiff is a prevailing party in the underlying due process proceedings which are the subject of the instant litigation, legal fees should be awarded.

**AS AND FOR A FIRST CAUSE OF ACTION: ATTORNEYS FEES IN 289852**

27. Plaintiff reasserts and realleges the allegations contained in paragraphs one ("1") through twenty-six ("26") as if fully set forth herein.

28. As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 289852. Based on the

29. The relief sought and ultimately obtained was substantial for plaintiff and she prevailed in all material respects.

30. As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 289852.

31. The attorney rate of Erika L. Hartley, Esq. in the amount of $400.00 per hour is reasonable.

32. Plaintiff having prevailed in the underlying proceedings herby demands reasonable attorneys fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) for the underlying due process proceedings in case number 289852 and this action.

**<u>AS AND FOR A SECOND CAUSE OF ACTION: ATTORNEYS FEES IN 305108</u>**

33. Plaintiff reasserts and realleges the allegations contained in paragraphs one ("1") through thirty-three ("33") as if fully set forth herein.

34. As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 305108.

35. The relief sought and ultimately obtained in the hearing under case number 305108 was substantial for Plaintiff.

36. As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 305108.

37. The relief sought and ultimately obtained in the hearing under case number 305108 was substantial for Plaintiff.

38. The attorney rate of Erika L. Hartley, Esq. in the amount of $400.00 per hour is reasonable.

39. Plaintiff having prevailed in the underlying proceedings herby demands reasonable attorneys fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) for the underlying due process

proceedings in case number 305108 and this action.

## REQUESTS FOR RELIEF

40. Plaintiff requests that an Order be issued awarding attorneys' fees as a prevailing party in underlying due process proceedings. Plaintiff also seeks reasonable attorneys fees which have or will be incurred in the prosecution of this action and for the underlying due process hearings in due process case numbers 289852 and 305108 pursuant to 20 U.S.C. 1415(i)(2)(A). 20 USC 1415(i)(3)(B).

Dated: Brooklyn, New York
October 29, 2026

*Erika L. Hartley, Esq.*

Erika L. Hartley, Esq. (Electronically signed)
LAW OFFICE OF ERIKA L. HARTLEY
Attorney for Plaintiffs
Radmila Isakharova as mother and natural guardian of C.J.
238 Covert Street, Suite 2
Brooklyn, New York 11207
Office: (929) 503-6495

To: Steven Banks, NYC Corporation Counsel
Office of the Corporation Counsel
Attorneys for Defendant
THE CITY OF NEW YORK
100 Church Street
New York, New York 10007

Steven Banks, NYC Corporation Counsel
Office of the Corporation Counsel
Attorneys for Defendant
NEW YORK CITY DEPARTMENT OF EDUCATION
100 Church Street
New York, New York 10007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------------------------------X

Radmila Isakharova, mother and natural guardian of C.J. and Radmila Isakharova Individually,

Plaintiff,

-against-

The City of New York & New York City Department of Education,

Defendants.

---------------------------------------------------------------------------------------------------------X

# COMPLAINT

---------------------------------------------------------------------------------------------------------X

**LAW OFFICE OF ERIKA L. HARTLEY**
Attorneys for Plaintiffs
Radmila Isakharova as m/n/g C.J. et al.
238 Covert Street, Suite 2
Brooklyn, New York 11207
Office (929) 503-6495, Fax (718) 260-6845